# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond M. Conoboy,<br>Petitioner,<br>v.<br>Charles L Ryan, *et al.*,<br>Respondents. | No. CV-18-08089-PCT-JJT (DMF)<br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 18) entered in this matter by United States Magistrate Judge Eileen S. Willett, recommending that the Court dismiss the Petition for Writ of Habeas Corpus (Doc. 1) as untimely. Petitioner timely filed an Objection (Doc. 19) to the R&R. Upon consideration of the R&R and Petitioner's Objections thereto, the Court concludes that Judge Willett's conclusions and her resulting recommendation are correct under the law.

Defendant was sentenced in the underlying matter on July 8, 2013, after pleading guilty. Pursuant to Arizona Rule of Criminal Procedure 32.4 and other applicable rules, he had no more than 95 days from that date—or until October 13, 2013—to file a notice seeking Post-Conviction Relief in the state court. He filed no such notice by that deadline and thus his convictions became final on that day, commencing the limitations period under AEDPA the following day, October 14, 2013. That limitations period expired one year later, on October 14, 2014. Petitioner did not file his 2254 Petition until April 26, 2018—over three and a half years too late. Statutory tolling is unavailable because both of

Petitioner's attempts to file for post-conviction relief in the state court were themselves untimely under state rules, and therefore were not "properly filed" notices or petitions that might otherwise statutorily toll the AEDPA limitation period.

The Court also finds equitable tolling does not apply because Petitioner has not met his burden to show any extraordinary circumstances beyond his control that made it impossible for him to timely file. Petitioner's pro se status after sentencing and his lack of legal knowledge do not satisfy the requirement that he was prevented from timely filing by some extraordinary force. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Nor does his bare assertion of mental illness, without more, satisfy the standard. The Court notes that Petitioner had no difficulty filing a cogent Petition and understandable Objection. Petitioner thus does not qualify for equitable tolling, and as Judge Willet noted in the R&R, neither does Petitioner make an actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995), in his Petition. Petitioner attempts to raise actual innocence and some other new arguments in his Objections. This he may not do. The Court will not consider arguments first raised in an objection. Accordingly,

IT IS ORDERED adopting in whole the Report and Recommendation by Judge Willett (Doc. 18).

IT IS FURTHER ORDERED dismissing as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1). The Clerk of Court shall terminate this matter.

IT IS FURTHER ORDERED denying as moot Petitioner's Motion to Appoint Counsel (Doc. 16) and Motion for evidentiary Hearing (Doc. 17).

IT IS FURTHER ORDERED denying a certificate of appealability and leave to appeal in forma pauperis upon a finding that dismissal of the Petition here is justified by a plain procedural bar.

Dated this 7th day of March, 2019.

Honorable John J. Tuchi
United States District Judge